Stull *v.* Abbott.

JEREMIAH STULL v. JOHN ABBOTT.

The Court of Common Pleas ought not to grant a rule upon the Justice, to make return of an appeal, without proof, that an appeal had been lawfully demanded and a sufficient appeal bond tendered; nor is the Justice bound to send up the appeal papers, unless a sufficient bond has been tendered to him, and of this, he is the proper Judge.

The death of one of the parties to the appeal, should be suggested on the record, before trial and judgment.

This was a *certiorari* directed to the Court of Common Pleas of the county of Salem. Several reasons for reversal, were filed, which are noticed in the opinion of the court, delivered by Justice RYERSON.

*A. L. Eakin,* for plaintiff in *certiorari.*

RYERSON, J. It appears by the return to this *certiorari*, that the appeal bond was totally defective, and that the Justice refused on that account, to grant the appeal and send up the transcript. Nevertheless, the Court of Common Pleas, without due proof that an appeal had been duly demanded and granted,

made a rule on the Justice to make return of the appeal. In this the court erred, as it appears to me. Such rule should not be granted without proper proof of the demand of the appeal, tendering of a proper bond, &c. Nor was it the duty of the Justice to send up the appeal, without a proper bond. He is the proper Judge to decide the matter. It is true, if he *err* in this judgment, the court may correct it herein, as well as in any thing else. But he did not err. And therefore, when the papers were brought in, they ought not to have been ordered to be filed, but returned to the Justice, to be proceeded on according to law. It will never do to permit a party thus to create delay by an insufficient bond, which cannot give to the appellee, his rightful security.

But if I am wrong in this view of the subject, there is another and fatal objection to the record. One of the parties to the appeal, was actually dead before the Common Pleas tried the appeal, and his death has never been suggested on the record: or in other words, judgment has been rendered in favour of a person at the time not in *esse.* The judgment of the Pleas therefore must be reversed.

*Judgment reversed.*

CITED in *Chadwick* v. *Reader,* 4 *Harr.* 158.